UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

FILED
CLERK

2016 MAR 21  PM 3: 36

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

JULIO GARCIA,

                              Plaintiffs,          **COMPLAINT**

          -against-                                Jury Trial Demanded

THE CITY OF NEW YORK, Detective ROBERTO
LOTUFO, Shield No. 4648, A MOVEABLE
FEAT, INC., and VITALY FILIPCHENKO,

                              Defendants.
------------------------------------------------------------ x

CV 16 -  1262

VITALIANO, J.

POLLAK, M.J.

Plaintiff, JULIO GARCIA, by his attorney, The Rameau Law Firm,

alleges the following, upon information and belief, for this Complaint:

### INTRODUCTION

1.      This is a civil rights action for money damages brought

pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, the Fourth,

Fifth, and Fourteenth Amendments to the United States Constitution,

and the common law of the State of New York, against the defendants

mentioned above in their individual and official capacities, and against

the City of New York and A Moveable Feat, Inc.

2.      On March 20, 2015, Detective Roberto Lotufo, Shield No.

4648, conspired with Vitaly Filipchenko and unlawfully arrested and

maliciously Plaintiff without any justification or due cause.

3.      Plaintiff seeks compensatory and punitive damages and an

award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

1

**JURISDICTION**

4.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

**VENUE**

5.      Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

**PARTIES**

6.      Plaintiff JULIO GARCIA ("Mr. Garcia") was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

7.      Defendant Detective ROBERTO LOTUFO, Shield No. 4648 ("Lotufo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lotufo is sued in his individual and official capacities.

8.      Defendant Lotufo at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

9.      Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including

2

the Defendants.

10.     Defendant A Moveable Feat, Inc. was, at all relevant times, a private company duly organized in the state of New York and conducting business in the state of New York.

11.     Vitaly Filipchenko, was at all relevant times, the owner and principal of A Moveable Feat, Inc.

### FACTUAL ALLEGATIONS

12.     In February 20, 2015, Plaintiff and his girlfriend used the services of A Moveable Feat, Inc., a corporation, to move some of their property.

13.     During the course of the move, plaintiff and his girlfriend expressed displeasure at the pace of the move.

14.     Plaintiff's girlfriend voiced this displeasure to the owner, Vitaly Filipchenko.

15.     A short time after the move was over, plaintiff noticed that a number of items had been irreparably damaged during the course of the move.

16.     Plaintiff and his girlfriend sought to have Vitaly Filipchenko and A Moveable Feat, Inc. pay for the damage.

17.     On February 23, 2015 plaintiff emailed A Moveable Feat, Inc. and addressed the email to Vitaly Filipchenko.

18.     Plaintiff requested that Mr. Filipchenko pay for the damage

3

caused by his movers and informed him that shouting at and speaking derisively to his Mr. Garcia's girlfriend will not be tolerated.

19.     Plaintiff indicated that on advice of his counsel that that A Moveable Feat, Inc. forward the matter to their insurer and to copy their response to everyone on the email.

20.     Representatives from A Moveable Feat, Inc. responded and indicated that their insurer would get in touch with plaintiff and his attorney.

21.     A short time after, in the beginning of March, plaintiff received a phone call from an NYPD Det. Mike Knorr regarding Vitaly Filipchenko.

22.     Plaintiff informed Det. Knorr that any complaint that Mr. Filipchenko made against plaintiff was false and in retaliation for plaintiff seeking damages from Mr. Filipchenko and his company.

23.     Det. Knorr did not pursue the matter further.

24.     A short time later plaintiff received a voicemail message from defendant Det. Robert Lotufo.

25.     Plaintiff spoke to Det. Lotufo and told him what he told Det. Knorr.

26.     Plaintiff informed Det. Lotufo of a prior and ongoing property damage related dispute between plaintiff and defendant Filipchenko.

27.     Plaintiff further informed the detective that he never

4

threatened Filipchenko and that it was in fact Filipchenko who threatened plaintiff's girlfriend.

28.    Despite having this information Det. Lotufo took no steps to assess the validity of Mr. Filipchenko's complaint.

29.    Det. Lotufo refused to allow plaintiff to provide the detective with a series of emails with A Moveable Feat, Inc. which corroborated plaintiff's claim.

30.    Instead Det. Lotufo indicated that if plaintiff did not come to the precinct to be arrested that he would make plaintiff's life very difficult.

31.    Det. Lotufo threatened to tell plaintiff's employer and jeopardize plaintiff's career.

32.    Plaintiff informed detective that his attorney would be in touch.

33.    When plaintiff's attorney did not get in touch with the detective the detective continued making harassing phone calls to plaintiff and threatening to inform his employer.

34.    After the detective contacted plaintiff's girlfriend, plaintiff went with his attorney to the precinct.

35.    Plaintiff was arrested at the precinct by Det. Lotufo.

36.    He was handcuffed, photographed, fingerprinted and was placed in a cell.

37.    After a few hours in the precinct, he was given a desk

appearance ticket to return to court.

38.    Plaintiff went to court on two occasions.

39.    On June 26, 2015, the court issued a decision and order dismissing the criminal complaint against plaintiff.

40.    Plaintiff filed a Notice of Claim with the Comptroller's office within 90 days of the incident.

41.    The Comptroller and/or the City of New York have refused or neglected to settle this matter.

42.    A 50-h hearing was held in this matter.

### FIRST CLAIM
### Federal False Arrest against defendant Lotufo

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    Defendant Lotufo violated the Fourth and Fourteenth Amendments because he arrested plaintiff without probable cause.

45.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
### Federal Malicious Prosecution against defendant Lotufo

46.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.    By his conduct, as described herein, and acting under color of state law, defendant Lotufo is liable to plaintiff, under 42 U.S.C. §

1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

48.    Defendant Lotufo's unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.   The prosecution by defendant of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

49.    As a direct and proximate result of defendant's unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.`

### THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial
### Against defendant Lotufo

50.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.    Defendant Lotufo created false evidence against Plaintiff.

52.    Defendant Lotufo forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53.    In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, defendant Lotufo violated Plaintiff's

constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### State Law False Arrest and Imprisonment
### Against City of New York

55.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.    The City of New York was and is at all relevant times the employer of defendant Lotufo.

57.    At all relevant times, defendant Lotufo was acting within the scope of his employment.

58.    Defendant City of New York is liable for the actions of defendant Lotufo based on the principle of respondeat superior.

59.    Defendant Lotufo wrongfully confined plaintiff.

60.    Plaintiff was conscious of his confinement.

61.    Plaintiff did not consent to his confinement.

62.    The confinement was not otherwise privileged.

63.    There was no probable cause for the arrest of plaintiff.

64.   As a direct and proximate result, Plaintiff sustained damages and injury as a result.

## FIFTH CLAIM

### State Law Battery Claim Against City of New York

65.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66.   Defendant City of New York is liable for the actions of defendant Lotufo under respondeat superior.

67.   Defendant Lotufo intentionally touched plaintiff by placing handcuffs on him.

68.   Plaintiff did not consent to this touching.

69.   The touching was offensive to plaintiff.

70.   As a direct and proximate result, Plaintiff sustained damages and injury as a result.

## SIXTH CLAIM

### State Law Malicious Prosecution Claim Against City of New York, Vitaly Filpchenko and A Moveable Feat, Inc.

71.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72.   Defendant City of New York is responsible for the actions of defendant Lotufo under respondeat superior.

73.     Defendant A Moveable Feat, Inc. is the employer of defendant Filipchenko.

74.     Defendant Filipchenko is an employee of A Moveable Feat, Inc.

75.     At all relevant times, defendant Filipchenko was acting within the scope of his employment with A Moveable Feat, Inc.

76.     Accordingly, A Moveable Feat, Inc. is responsible under respondeat superior for the actions of defendant Filipchenko.

77.     Defendant Filipchenko intentionally filed a false complaint against plaintiff.

78.     Defendant Filipchenko intended plaintiff to be arrested as a result of his complaint.

79.     Defendant Filipchenko knew that there was no validity to his complaint.

80.     Defendant spurred defendant Lotufo to arrest plaintiff.

81.     Defendant Filipchenko together with defendant Lotufo initiated the prosecution against plaintiff.

82.     The prosecution against plaintiff resolved in plaintiff's favor.

83.     Defendants Filipchenko and Lotufo acted with malice in initiating and continuing the prosecution against plaintiff.

84.    Defendants Filipchenko and Lotufo knew there was no probable cause for the prosecution of plaintiff.

85.    As a direct and proximate result, Plaintiff sustained damages and injury as a result.

## SEVENTH CLAIM

### Federal Conspiracy Claim under 42 U.S.C. 1983 and 1985 Against defendants Filpchenko and Lotufo

86.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.    Defendants Lotufo and Filipchenko conspired to violate the rights of plaintiff under 42 U.S.C. 1983 and 1985.

88.    Defendants Lotufo and Filipchenko engaged in a joint venture to ensure that plaintiff would be falsely arrested.

89.    Defendants Lotufo and Filipchenko engaged in a joint venture to ensure that plaintiff would be maliciously prosecuted.

90.    There was an agreement by and between defendants Lotufo and Filipchenko to violate plaintiff's rights.

91.    At the time they engaged in this joint venture and conspired with each other, defendants Lotufo and Filipchenko knew that there was no probable cause for the arrest of plaintiff.

92.    As a direct and proximate result, Plaintiff sustained damages and injury as a result.

## **EIGHTH CLAIM**

### **Defamation Per Se Against defendants Filpchenko and Lotufo**

93.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

94.    Defendant Filipchenko knew that when he made his complaint about plaintiff that it was false.

95.    Defendant Filipchenko made this statement to a third party.

96.    The false statement made about plaintiff was that plaintiff committed a crime.

97.    Defendant Lotufo knew that when he told the District Attorney that the complaint against plaintiff was false.

98.    Defendant Lotufo knew that plaintiff was being chargd with a crime.

99.    Defendant Lotufo knew that the factual allegations which he knew to be false would be documented in a criminal court complaint.

100.   Accordingly, plaintiff has established the elements of defamation per se.

101.   As a direct and proximate result, Plaintiff sustained damages and injury as a result.

## PRAYER   FOR   RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a)    Award compensatory damages against the defendants, jointly and severally;

(b)    Award   punitive   damages   against   the   individual defendants, jointly and severally;

(c)    Award costs of this action to the plaintiff;

(d)    Award   reasonable   attorneys' fees   and   costs   to   the plaintiff pursuant to 28 U.S.C. § 1988;

(e)    Such other and further relief as this Court deem just and proper

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated:      Brooklyn, New York
            March 21, 2016

Afsaan Saleem,  Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York   11241
(718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

TO:         All  Defendants